UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-552-H

CHERYL J. GUIDICE                                                                            PLAINTIFF

V.

MARTIN J. KOETTERS, In His Individual                            DEFENDANTS
Capacity and AIK COMP

**MEMORANDUM OPINION**

Plaintiff, Cheryl Guidice, was employed with an insurance company, Defendant, AIK Comp, as a claims administrator. AIK was placed in rehabilitation pursuant to KRS 304.33-140 *et seq.*, and Defendant, Martin J. Koetters, was appointed its "Rehabilitator." On August 30, 2004, Koetters advised Plaintiff that she was terminated, effective the next day. This dispute arises from the circumstances of Plaintiff's termination. Plaintiff alleges a violation of her due process rights under the Fourteenth Amendment of the United States Constitution as well as numerous state claims, such as breach of contract, tortious interference with her employment contract, and tortious interference with prospective business advantage, exercise of arbitrary power in violation of Section 2 of the Kentucky Constitution and intentional or malicious conduct.

Defendants have moved to dismiss primarily on the grounds that Defendants were not state actors. After an oral argument on that pending motion, the Court asked the parties to file simultaneous briefs on whether Plaintiff could make out a due process claim in these

circumstances. The parties have done so and the Court now concludes that Plaintiff cannot state a federal constitutional due process claim.

I.

When considering a motion to dismiss, the Court must take all factual allegations in the Complaint to be true. *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001). According to her Complaint, Plaintiff had an employment contract with AIK that entitled her to severance pay in the event her employment was terminated for any reason other than "cause," as that term was defined in the AIK Comp Employee Handbook. All severance payments were due within five days of termination. On or about August 5, 2004, Plaintiff was placed on administrative leave. On or about August 30, 2004, Koetters terminated her effective the following day. Plaintiff inquired about the reasons for her termination, and Koetters told her that he did not need a cause. Plaintiff alleges that Koetters said that he could terminate her because he was the Rehabilitator and implied that he had unbridled authority to do as he pleased notwithstanding Plaintiff's contract of employment. Plaintiff does not contest that Koetters had the power to terminate without cause under the terms of her employment contract.

II.

Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1331 which provides for original jurisdiction in district court for all federal questions. Her only federal claim is that Defendants' actions violated her Fourteenth Amendment right to procedural due process. To state a successful procedural due process claim, Plaintiff must establish the existence of a protected property interest and show that she was deprived of such an interest without due process of law. *Richardson v. Township of Brady*, 218 F.3d 508, 516 (6th Cir. 2000). The Sixth

Circuit has endorsed a two step analysis to guide "a court's evaluation of procedural due process claims: first, the court must determine the existence of a liberty interest or property interest and an interference with it, and second, whether the procedures that accompanied the interference were constitutionally sufficient." *Herrada v. City of Detroit*, 275 F.3d 553 (6th Cir. 2001). For the purpose of evaluating Plaintiff's claim, the Court will assume that Defendants were acting under color of state law and that Plaintiff did have a constitutionally protected property interest in her severance pay. Even assuming these two elements to be true, Plaintiff has no procedural due process claim if the procedures that accompanied termination were constitutionally sufficient.

In Kentucky, under the Insurers Rehabilitation and Liquidation Act, an appointed rehabilitator has the general power to hire and discharge employees "subject to any contract rights they may have..." KRS § 304.33-010 *et seq.*; KRS § 304.33-150(2). Plaintiff argues that this statutory scheme does not provide any procedural due process for employees discharged by the rehabilitator. Plaintiff claims only a protected interest in the severance benefit contained in her employment contract, not an interest in her continued employment. This would be an entirely different case if Plaintiff claimed a protected interest in her actual employment. For obvious reasons, she does not make such a claim. The claim she does make alleges Defendant Koetters deprived her of severance pay in breach of her employment contract. If he did, Koetters was acting in an unauthorized manner. Where the risk is that a rehabilitator will act in an unauthorized manner to deprive an insurance company's employee of her severance benefit, the Court concludes that a pre-deprivation hearing would not lessen the risk of this kind of deprivation. *Zinermon v. Burch*, 494 U.S. 113, 129 (1990)(Any pre-deprivation procedural safeguards the State did provide, or could have provided, would not address the risk of *this kind*

3

of deprivation). Because Plaintiff is not deprived of an on-going tangible right that cannot be adequately addressed by post-deprivation proceedings, a pre-deprivation hearing is not required in order to protect her rights.

In these circumstances, Plaintiff has no due process claim if the state provides an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981). Plaintiff may not bring a Section 1983 suit claiming denial of procedural due process where adequate state remedies exist. *Hudson v. Palmer*, 468 U.S. 517, 533-536 (1984). Nothing in the statutory scheme prevents her from filing suit for breach of contract in the Franklin Circuit Court. Plaintiff has not shown that these state court remedies addressing the alleged wrong are inadequate. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Those remedies provide her a fair and timely opportunity under applicable Kentucky law to obtain a judgment for all monies due under her contract. Plaintiff suggests that she may be unable to recover against the Rehabilitor or that the state Rehabilitation Litigation Act may operate to limit her ability to recover. Even if this is true, it does not mean that she is denied due process. A state may make whatever rules it deems fair as to financially troubled insurance companies. That those rules may limit certain recoveries by creditors does not constitute a denial of due process. Plaintiff has what is essentially a breach of contract claim. While she may be dissatisfied with the state process available to resolve it, the process is constitutionally adequate. The Court will dismiss with prejudice Plaintiff's federal constitutional claims.

### III.

The only remaining claims are those under state law. With the dismissal of the federal claims, the Court is without supplemental jurisdiction over the state claims. Nevertheless,

4

Plaintiff urges the Court to retain jurisdiction.

In these circumstances, federal courts have some discretion over whether to retain the case. Here, all of the relevant criteria suggest that the Court not exercise its discretion in such a manner. The remaining claims are uniquely state law in nature. Therefore, judicial comity suggests that state courts handle the remaining claims. The litigation has only just begun. No particular judicial economics result from retention of the case in federal court. The Court finds no other reason to retain these claims on the federal docket.

The Court will enter an order consistent with this Memorandum Opinion.

JOHN G. HEYBURN II
CHIEF JUDGE, U.S. DISTRICT COURT

cc: Counsel of Record

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-552-H

CHERYL J. GUIDICE                                          PLAINTIFF

V.

MARTIN J. KOETTERS, In His Individual                      DEFENDANTS
Capacity and AIK COMP

**ORDER**

The Martin J. Koetters and AIK Comp individually have moved to dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). For the reasons set forth in the accompanying Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Defendants' motions to dismiss Plaintiff's federal claim are SUSTAINED and Plaintiff's Fourteenth Amendment due process claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE. Plaintiff may refile these same claims in the appropriate state forum.

This is a final and appealable order.

This __13th__ day of July, 2005.

*John G. Heyburn*
JOHN G. HEYBURN II
CHIEF JUDGE, U.S. DISTRICT COURT

cc:Counsel of Record